1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ARTHUR EUGENE TYES,

11              Plaintiff,                    No. CIV S-07-1981 FCD EFB P

12         vs.

13    J. FLINT, et al.,

14              Defendants.              ORDER

15    _____/

16         Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  See 42

17    U.S.C. § 1983.  He seeks leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(a).  This

18    proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19         Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20         Plaintiff must pay the $350 filing fee. See 28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial

21    partial payment of $.58 is assessed pursuant to section 1915(b)(1).  Plaintiff must make monthly

22    payments of 20 percent of the preceding month's income credited to his trust account. See 28

23    U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from

24    plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10

25    until the filing fee is paid.

26    /////

1

1    The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

2    screening, finds that it states a cognizable claim against defendant Flint.  *See* 28 U.S.C. § 1915A.

3    The complaint does not state a cognizable claim against defendants Mandeville, Walker,

4    or Tilton.  To state a claim against a supervisor who did not personally inflict the injury alleged,

5    plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them

6    from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved

7    such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid

8    such injury as to demonstrate reckless or callous indifference to constitutional injury.  *Redman v.*

9    *County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc);  *Taylor v. List*, 880 F.2d

10   1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v.*

11   *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4

12   (9th Cir. 2002).

13   Plaintiff may proceed forthwith to serve defendant Flint and pursue his claims against

14   only those defendants or he may delay serving any defendant and attempt to state a cognizable

15   claim against defendants Mandeville, Walker, and Tilton.

16   If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

17   defendants Mandeville, Walker, and Tilton, he has 30 days so to do.  He is not obligated to

18   amend his complaint.

19   If plaintiff elects to proceed forthwith against defendant Flint, against whom he has stated

20   a cognizable claim for relief, then within 20 days he must return materials for service of process

21   enclosed herewith.  In this event the court will construe plaintiff's election as consent to

22   dismissal of all claims against defendants Mandeville, Walker, and Tilton without prejudice.

23   Any amended complaint must show the federal court has jurisdiction, the action is

24   brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It

25   must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

26   who personally participated in a substantial way in depriving plaintiff of a federal constitutional

1  right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

2  deprivation of a constitutional right if he does an act, participates in another's act or omits to

3  perform an act he is legally required to do that causes the alleged deprivation).

4       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

5  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

6  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8       The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

9  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

12       Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

13  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

14  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

15  claim."); Fed. R. Civ. P. 8.

16       Plaintiff must eliminate from his pleading all preambles, introductions, argument,

17  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

18  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

19  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

20  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

21  Civil Procedure is fully warranted" in prisoner cases).

22       The court (and defendant) should be able to read and understand plaintiff's pleading

23  within minutes.  *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many

24  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

25  injury, or joining a series of unrelated claims against many defendants, very likely will result in

26  /////

1  delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

2  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

3       If plaintiff's pleading is deficient on account of an omission or technical defect, the court

4  will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

5  cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be

6  construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

7  violates the federal rules, once explained, or the court's plain orders.

8       An amended complaint must be complete in itself without reference to any prior

9  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

10  files an amended complaint, the original pleading is superseded.

11       By signing a first amended complaint plaintiff certifies he has made reasonable inquiry

12  and has evidentiary support for his allegations and that for violation of this rule the court may

13  impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

14       A prisoner may bring no § 1983 action until he has exhausted such administrative

15  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

16  *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

17  departmental decision, action, condition, or policy which they can demonstrate as having an

18  adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*.  An appeal must

19  be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

20  "action requested."  Therefore, this court ordinarily will review only claims against prison

21  officials within the scope of the problem reported in a CDC form 602 or an interview or claims

22  that were or should have been uncovered in the review promised by the department.  Plaintiff is

23  further admonished that by signing an amended complaint he certifies his claims are warranted

24  by existing law, including the law that he exhaust administrative remedies, and that for violation

25  of this rule plaintiff risks dismissal of his entire action, including his claims against defendant

26  Flint.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $.58. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Mandeville, Walker, and Tilton are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendant Flint. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed September 21, 2007, one USM-285 form and instructions for service of process on defendant Flint. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the September 21, 2007, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant Flint will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Mandeville, Walker, and Tilton without prejudice.

Dated: February 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARTHUR EUGENE TYES,

11          Plaintiff,                    No. CIV S-07-1981 FCD EFB P

12      vs.

13   J. FLINT, et al.,

14          Defendants.          <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

15   _____/

16          Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              __1__        completed summons form

19              _____        completed forms USM-285

20              _____        copies of the _____

21                                    Complaint

22   Dated:

23                                    _____

24                                            Plaintiff

25

26