IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR EUGENE TYES,

      Plaintiff,                      No. CIV S-07-1981 FCD EFB P

    vs.

J. FLINT, et al.,

      Defendants.              <u>ORDER AND FINDINGS</u>
                                          <u>AND RECOMMENDATIONS</u>

_____/

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On February 11, 2008, the court determined that plaintiff's complaint states a cognizable claim for relief against defendant Flint, and ordered plaintiff to provide a completed summons, sufficient copies of the complaint for service, information for service of process on form USM-285, and a notice of compliance. On February 25, 2008, plaintiff filed the required papers.

      On March 3, 2008, however, plaintiff filed a request for a 30-day extension of time in which to file an amended complaint. *See* Fed. R. Civ. P. 6(b). On April 7, 2008, plaintiff filed an amended complaint. Good cause appearing, the court grants plaintiff's request for an extension of time and deems that complaint timely filed. Accordingly, the court will not order service on defendant Flint and will proceed instead to screen the amended complaint.

1

1  The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the following reasons, finds it fails to state a claim for relief.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). In his complaint, plaintiff states that he was found guilty of possessing marijuana after a hearing in which the hearing officer found the testimony of the reporting employee's testimony more credible than that of plaintiff's defense witness. Plaintiff claims that the officer did not find him guilty by a preponderance of evidence, as required, and this constituted deliberate indifference and cruel and unusual punishment in violation of his Eighth Amendment rights. Plaintiff has failed to state a cause of action.

As a general rule, in federal court an application for writ of habeas corpus is the proper action by which to challenge the legality or duration of a prisoner's custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486. Under *Heck*, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. *Id*. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.

In the instant case, plaintiff's claims implicate the validity of his conviction of possessing marijuana in prison. To the extent this action is construed as a civil rights action pursuant to 42 U.S.C. § 1983, therefore, it appears that it is barred by the rule announced in *Heck v. Humphrey,*

*supra*.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's service documents shall be disregarded; and

2. Plaintiff's March 3, 2008, request for an extension of time is granted and plaintiff's amended complaint is deemed timely filed.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 18, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE